**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CMI LIMITED COMPANY

     Plaintiff,

     v.

SHORELINE PLASTICS, LLC; GULF
SYNTHETICS, LLC; and EVERLAST
SYNTHETIC PRODUCTS, LLC

     Defendants.

Civil Action No. 1:09-CV-1421

**PLAINTIFF CMI LIMITED COMPANY'S &
DEFENDANT SHORELINE PLASTICS, LLC'S
JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

    **(a)    Describe briefly the nature of this action.**

This is an action for patent infringement arising under the patent laws of the

United States, Title 35, United States Code, and governed by the Patent Local Rules

of this Court.

    **(b)    Summarize, in the space provided below, the facts of this case.**

**The summary should not be argumentative nor recite evidence.**

This is a patent infringement lawsuit involving United States Patent No. 6,575,667 ("the '667 patent").

**Allegations of Plaintiff CMI Limited Company Complaint**

Plaintiff CMI Limited Company ("CMI" or "Plaintiff") contends that Defendant Shoreline Plastics, LLC ("Shoreline") has in the past and continues to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '667 patent, in violation of 35 U.S.C. § 271.

CMI seeks injunctive relief, damages, prejudgment interest, attorneys' fees, expenses of litigation, and costs. CMI also seeks an award of treble damages against Shoreline based on CMI's allegations that the infringement of Shoreline has been knowing and willful.

**Answers, Affirmative Defenses, and Counterclaims of Shoreline**

Defendant Shoreline contends that it has never infringed the '667 patent and that the claims of the '667 patent are invalid and unenforceable. Shoreline contends that the claims of the '667 patent are invalid due to indefiniteness and obviousness. Shoreline has filed a motion for summary judgment of invalidity due

to indefiniteness. Shoreline also contends that the '667 patent is unenforceable due to inequitable conduct.

In a counterclaim, Shoreline contends that CMI committed trade libel by communicating falsities to actual and prospective Customers of Shoreline. In other counterclaims, Shoreline seeks declaratory judgments of non-infringement, invalidity, and unenforceability of the '667 patent.

Shoreline disputes that CMI is entitled to any remedy. Shoreline seeks injunctive relief, damages, prejudgment interest, attorneys' fees, expenses of litigation, and costs.

**(c)     The legal issues to be tried are as follows:**

1.     Whether Shoreline has infringed and/or continues to infringe the '667 patent.

2.     The proper amount of damages to be awarded, if any, to CMI due to the alleged infringement by Shoreline of the '667 patent.

3.     Whether the infringement, if any, by Shoreline is and/or has been willful.

4.     Whether CMI is entitled to treble damages against Defendant Shoreline due to Shoreline's alleged willful infringement of one or more claims of the '667 patent.

5.      Whether any of the parties should be awarded its attorneys fees, interest, and costs of this action.

6.      Whether an injunction is appropriate if infringement is found.

7.      Whether the '667 patent is invalid for failure to comply with one or more conditions or requirements of the United States Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and 116.

8.      Whether the '667 patent is unenforceable due to inequitable conduct before the USPTO in the prosecution of the application leading to the '667 patent by failing to disclose material information with an intent to deceive the USPTO.

9.      Whether CMI is precluded, estopped, or otherwise barred from asserting its claim of patent infringement due to unclean hands, laches, estoppel or waiver.

10.     Whether CMI committed trade libel.

11.     The proper amount of damages to be awarded, if any, to Shoreline due to the alleged trade libel.

12.     Whether an injunction against CMI is appropriate if trade libel, noninfringement, invalidity or unenforceability is found.

13.     Whether CMI is precluded by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '667 Patent.

14.   Whether CMI is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

**(d)   The cases listed below (include both style and action number) are:**

**(1)   Pending Related Cases:**  None.

**(2)   Previously Adjudicated Related Cases:  None.**

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____   (1) Unusually large number of parties

_____   (2) Unusually large number of claims or defenses

_____   (3) Factual issues are exceptionally complex

_____   (4) Greater than normal volume of evidence

_____   (5) Extended discovery period is needed

_____   (6) Problems locating or preserving evidence

_____   (7) Pending parallel investigations or action by government

  X   (8) Multiple use of experts

_____   (9) Need for discovery outside United States boundaries

_____   (10) Existence of highly technical issues and proof

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as**

**lead counsel for the parties:**

**For Plaintiff CMI:**

N. Andrew Crain ([andrew.crain@tkhr.com](andrew.crain@tkhr.com))
Georgia Bar No. 193081
**THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.**
600 Galleria Parkway, NW, Suite 1500
Atlanta, Georgia 30339-5948
Tel.  (770) 933-9500; Fax.  (770) 951-0933

**For Defendant Shoreline**

Mark J. Young (myoung@myoungpa.com)
*Admitted Pro Hac Vice*
FL Bar No. 78158
Mark Young, P.A.
12086 Fort Caroline Road, Unit 202
Jacksonville, FL 32225
Telephone: (904) 996-8099
Facsimile: (904) 980-9234

4.    **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

**____ Yes   _X_ No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the**

**jurisdictional objection. When there are multiple claims, identify and discuss**

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

(a)    **The following persons are necessary parties who have not been joined:**    At the present time, the parties are not aware of any such persons. The parties reserve the right to address nonjoinder if they later learn of the same.

(b)    **The following persons are improperly joined as parties:**    No person is improperly joined as a party.

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**    None

(d)    **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15. Further instructions regarding amendments are contained in LR 15.**

(a)     **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties reserve the right to amend the pleadings to the extent that they deem necessary in view of further analysis, discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules, the Local Rules of this Court, and/or the Patent Local Rules of this Court regarding any such amendments.

(b)     **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.     **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** *Summary Judgment Motions***: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** *Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony***: <u>Daubert</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures and agree that initial disclosures shall be served on the first day of the agreed-to discovery period.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

The parties have agreed to the discovery schedule attached as Exhibit "A", which is based on the Court's Patent Local Rules.

**Cases in this court are assigned to one of the following three (3) discovery tracks:  (a)  zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.**

**A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

This case is assigned an eight (8)-month discovery period.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate that it is necessary to conduct discovery in the following subject areas:

-    Infringement with respect to each asserted claim of the '667 patent;

- Noninfringement and invalidity with respect to each asserted claim of the '667 patent;

- Unenforceability of the '667 patent;

- The willful infringement, if any, by Shoreline of any of the '667 patent;

- Damages, if any, as they relate to Shoreline's infringing activities;

- The prosecution history of the '667 patent;

- The prior art known by CMI, the applicant, the inventors, the applicant's representative, and others substantively involved in the prosecution and reexamination of the '667 patent;

- The development of the subject matter claimed in the '667 patent, including its conception and reduction to practice;

- The offer for sale, printed publication and/or public use of the subject matter claimed in the '667 patent prior to November 26, 1996;

- CMI's failure, if any, to mark and/or provide notice as required under 35 USC 287.

- Trade libel, if any, against Shoreline, committed by CMI, its agents and/or employees;

- Damages, if any, as they relate to trade libel committed by CMI.

11

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties will work diligently to meet the agreed-upon discovery schedule, but reserve the right to seek additional time to complete discovery as they may deem reasonable and necessary as the case progresses. The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues, except as provided by this Court's Local Patent Rules.

**11.    Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(D) that service of papers not otherwise required to be filed with the Court via the Court's CM/ECF system may be made by electronic means, with copies sent to all attorneys of record for the party served to the email addresses noted below, and that the three-day response time extension of Federal Rule of Civil Procedure 6(d) shall be applicable to such service.

To CMI:  cmi-service@tkhr.com

To Shoreline:  myoung@myoungpa.com; tely@fellab.com

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Patent Rule 2.2.

The parties agree that draft expert reports and communications relating thereto are not discoverable.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 2, 2009.**

**For Plaintiff CMI:**

**Lead counsel (signature):**  s/ N. Andrew Crain

**Other participants for Plaintiff:**

**For Defendant Shoreline:**

**Lead counsel (signature):** s/Shattuck Ely

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

**(c)    Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** not determined at this time.

**(d)    The following specific problems have created a hindrance to settlement of this case.** None at this time.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    The parties (__) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2009.

(b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 16th day of July, 2009.

| | |
|---|---|
| s/ N. Andrew Crain<br>George M. Thomas<br>*george.thomas@tkhr.com*<br>Georgia State Bar No. 704900<br>N. Andrew Crain<br>*andrew.crain@tkhr.com*<br>Georgia State Bar No. 193081<br>Melissa Rhoden<br>*melissa.rhoden@tkhr.com*<br>Georgia State Bar No. 143160<br>THOMAS, KAYDEN,<br>HORSTEMEYER<br>& RISLEY, LLP<br>600 Galleria Parkway, S.E., Suite 1500<br>Atlanta, GA 30339<br>Telephone: (770) 933-9500<br>Facsimile: (770) 951-0933<br><br>Attorneys for Plaintiff | s/Mark J. Young<br>Mark J. Young<br>*Admitted Pro Hac Vice*<br>FL Bar No. 78158<br>Email: myoung@myoungpa.com<br>Mark Young, P.A.<br>12086 Fort Caroline Road, Unit 202<br>Jacksonville, FL  32225<br>Telephone: (904) 996-8099<br>Facsimile: (904) 980-9234<br><br><br>FELLOWS LaBRIOLA LLP<br><br>s/Shattuck Ely<br>Shattuck Ely<br>Georgia Bar No. 246944<br>Email: tely@fellab.com<br>Suite 2300 South Tower<br>225 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>Telephone: (404) 586-9200<br>Facsimile: (404) 586-9201<br><br>Attorneys for Defendant<br>Shoreline Plastics, LLC |

\*    \*    \*    \*    \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the same, including the attached Litigation Schedule, shall govern the parties in this case.

IT IS SO ORDERED, this ____ day of _____, 2009.

_____
William S. Duffey, Jr.
United States District Court Judge
Northern District of Georgia

16

## EXHIBIT A

## LITIGATION SCHEDULE

| TASK | DEADLINE |
|---|---|
| **Parties to file Certificate of Interested Persons, Joint Preliminary Report and Discovery Plan** | July 16, 2009 |
| **Discovery Begins** <br><br> **Parties Serve Initial Disclosures** | July 16, 2009 |
| **Plaintiff's Infringement Contentions** | Aug. 17, 2009 |
| **Defendants' Disclosure of Invalidity Contentions** <br><br> **Defendants' Response to Infringement Contentions** | Sept. 16, 2009 |
| **Exchange of Proposed Terms for Claim Construction** | Oct. 15, 2009 |
| **Exchange of Preliminary Constructions and Preliminary Identification of Extrinsic Evidence** | Nov. 4, 2009 |
| **Joint Claim Construction Statement** | Nov. 24, 2009 |
| **End of Claim Construction Discovery** | Dec. 9, 2009 |
| **Simultaneous Opening Claims Construction Briefs Due** | Dec. 30, 2009 |
| **Simultaneous Responsive Claim Construction Briefs Due** | Jan. 19, 2010 |
| **Disclosure of Opinions of Counsel** | Feb. 16, 2010 |
| **End of Factual Discovery Period** | March 16, 2010 |

| | |
|---|---|
| **Initial Expert Witness Disclosures – Issues on which each party bears the burden of proof** | April 15, 2010[*] |
| **Initial Expert Witness Disclosures – Issues on which the opposing party bears the burden of proof** | May 15, 2010 |
| **Rebuttal Expert Witness Disclosures** | May 29, 2010 |
| **Depositions of Expert Witnesses begin** | June 5, 2010 |
| **Depositions of Expert Witnesses end** | July 6, 2010 |
| **Summary Judgment Motions Deadline** | Aug. 6, 2010 |
| **Consolidated Pretrial Order** | Later of Aug. 6, 2010 or 30 days after Court's ruling on any pending motions for summary judgment |
| **Trial** | To Be Determined |

---

[*]  This and the following deadlines are contingent on the timing of the Court's claim construction order.   Pursuant to LPR 6.7, if the Court has not issued its order construing the disputed claim language of the patents by February 16, 2010, then the fact discovery period closes on March 16, 2010 and then will reopen on the date the Court files and serves its claim construction ruling and remain open for a period of 45 days, and all other remaining dates will be determined according to the Patent Local Rules.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CMI LIMITED COMPANY

    Plaintiff,

    v.

SHORELINE PLASTICS, LLC; GULF
SYNTHETICS, LLC; and EVERLAST
SYNTHETIC PRODUCTS, LLC

    Defendants.

Civil Action No. 1:09-CV-1421

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 16, 2009, true and correct copies of the foregoing **"PLAINTIFF CMI LIMITED COMPANY'S & DEFENDANT SHORELINE PLASTICS, LLC'S JOINT PRELIMINARY REPORT AND DISCOVERY PLAN"** was caused to be served upon the following attorneys of record for all remaining parties in this action via Electronic Filing with the ND Ga. Clerk of Court using the CM/ECF system:

    Shattuck (Tucker) Ely (tely@fellab.com)
    Mark J. Young (myoung@myoungpa.com)

        s/ N. Andrew Crain
        Attorney for Plaintiff